IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EAST BAY WOMEN'S HEALTH, INC.
and YVETTE GENTRY, M.D.

    Plaintiffs,

  v.

GLOSTREAM, INC.,

    Defendant.

No. C 14-00712 WHA

**ORDER GRANTING MOTION TO TRANSFER AND VACATING HEARING**

## INTRODUCTION

In this action for breach of contract and other state-law claims, defendant moves to transfer this action to the United States District Court for the Eastern District of Michigan pursuant to a contractual forum-selection clause. To the extent stated below, defendant's motion is **GRANTED**. The motion hearing is **VACATED**.

## STATEMENT

Plaintiff Yvette Gentry is a board-certified obstetrician, gynecologist, and sole owner of plaintiff East Bay Women's Health, Inc. ("East Bay"). Plaintiff East Bay is a California corporation that provides obstetrics and gynecological services in Alameda County. Defendant gloStream, Inc. is a Michigan corporation that provides electronic medical records hardware, software, and technical support to healthcare practices.

In or around December 2009, plaintiffs allegedly signed a contract with defendant for an electronic medical records system ("EMR"). "Within one year of purchasing the EMR,

1  [however,] the server was full and the program started to randomly delete patient files, including
2  documentation of patient visit and treatment notes." As a result, plaintiffs allegedly suffered a
3  significant revenue decrease — despite plaintiffs' treatment of a similar number of patients —
4  because the EMR generated the wrong diagnostic or medical billing codes, erroneously placed
5  lab results into random patient charts, and caused other miscellaneous errors. The complaint also
6  alleges that defendant deceived plaintiffs into purchasing hardware and software upgrades that
7  failed to remedy the errors caused by the EMR.

After repeatedly informing defendant of the EMR's defects, a third-party consultant allegedly evaluated the EMR and informed plaintiffs that "the system would never work as promised by [defendant]." Defendant allegedly refused to offer a refund (First Amd. Compl. ¶¶ 4–6, 8, 16–17, 21, 22, 28, 29, 32, 35, 37).

Prior to commencement of the action, the parties entered into a tolling agreement that expired on December 31, 2013 (First Amd. Compl. Exh. A at 12). On January 15, 2014, plaintiffs filed the instant action in Alameda County Superior Court. Following removal, plaintiffs filed an amended complaint to allege: (1) fraud by deception; (2) intentional misrepresentation; (3) negligent misrepresentation; (4) breach of California's Unfair Competition Law; (5) breach of express warranty; (6) breach of contract; and (7) breach of the implied covenant of good faith and fair dealing.

Defendant now moves to transfer this action to the United States District Court for the Eastern District of Michigan, pursuant to a contractual forum-selection clause.

**ANALYSIS**

1. **LEGAL STANDARD.**

Federal law governs the enforceability of forum-selection clauses in diversity actions. *Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509, 513 (9th Cir. 1988). A forum-selection clause is presumptively valid and should not be set aside unless the party challenging enforcement of the clause can prove that it is unreasonable or fundamentally unfair. *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 593-95 (1991). A forum-selection clause is "unreasonable" if: (1) the inclusion of the clause in the agreement was the product of fraud or

2

1  overreaching; (2) the party wishing to repudiate the clause would effectively be deprived of his
2  or her day in court were the clause enforced; and (3) enforcement would contravene a strong
3  public policy of the forum in which suit is brought. *M/S Bremen v. Zapata Off-Shore Co.*, 407
4  U.S. 1, 12-18 (1972).

"A proper application of [Section] 1404(a) requires that a forum-selection clause be given controlling weight in all but the most exceptional cases." *Atl. Marine Constr. Co. v. United States Dist. Court*, 571 U.S. ___, 134 S. Ct. 568, 579–83 (2013). This is because the "enforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system." In particular, a district court should give no weight to the plaintiff's choice of forum and should not consider the parties' private interest factors because the forum-selection clause "represents the parties' agreement as to the most proper forum." *Ibid.*

### 2. THE FORUM-SELECTION CLAUSE.

The agreement between plaintiffs and defendant provides:

> 15.2   Professional Responsibility.  This Agreement will be governed, construed and enforced in accordance with the laws of the United States of America and the State of Michigan, without regard to its principles of the conflict of laws.  Any and all litigation arising from or relating to this Agreement will be filed and prosecuted before any court of competent subject matter jurisdiction in the State of Michigan. The parties hereto consent to the jurisdiction of such courts over them, stipulate to the convenience, efficiency and fairness of proceeding in such courts, and covenant not to allege or assert the inconvenience, inefficiency or unfairness of proceeding in such courts.
>
> \*     \*     \*
>
> 15.4 Except for actions initiated by either party to this Agreement for injunctive relief to enforce its [intellectual property rights] or, at the election of the party seeking collection for the collection of any payments due in the normal course of business, any dispute or claim arising in connection with this Agreement, will be adjudicated in the appropriate courts located in the State of Michigan (Castricone Decl., Exh. A at 5).

Plaintiffs do not contest that the forum-selection clause identifies "the State of Michigan" as the selected venue to adjudicate disputes. Rather, they argue that the forum-selection clause should not be enforced because transferring the action would violate three California public policies: (1) protecting consumers against unfair and deceptive business practices; (2) promoting

3

electronic medical records systems; and (3) prohibiting enforcement of unconscionable contracts. Plaintiffs' arguments fall far short of satisfying their burden.

### A. Unfair Competition Law.

Plaintiffs argue enforcement of the forum-selection clause would violate California's "strong public policy" against unfair business practices. Plaintiffs rely on *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1082 (9th Cir. 2009), where our court of appeals refused to enforce a forum-selection clause because the forum selected — Virginia state court — would force plaintiffs to waive both their right to proceed as a class action and to receive enhanced remedies under the California Consumers Legal Remedies Act ("CLRA"), which explicitly forbids the waiver of its protections. *Id.* at 1084–85, *citing America Online, Inc. v. Superior Court*, 90 Cal. App. 4th 1 (Cal. App. 1st Dist. 2001). The strong public policies at issue in *AOL*, however, were allowing class actions and against waiver of protections under the CLRA. Indeed, the California Court of Appeal in *America Online* emphasized that the basis for voiding the forum-selection clause in that action was because the clause violated the CLRA's explicit anti-waiver provision. *American Online*, 90 Cal. App. 4th at 12–17. Here, plaintiffs are not pursuing a class action under the CLRA.

The forum-selection clause at issue in *America Online* was also fundamentally different from the one at issue in this action. Unlike the clause in *America Online*, the forum-selection clause at issue here does not limit plaintiffs exclusively to state courts, but to "any court of competent jurisdiction in the State of Michigan" (Castricone Decl., Exh. A at 5). The availability of a federal forum matters because the California Court of Appeal in *America Online* emphasized that the Virginia state-court system was procedurally incapable of hearing consumer class actions. *America Online*, 90 Cal. App. 4th at 17. Thus, the forum-selection clause and choice-of-law provision at issue in *America Online* were interconnected and could not be considered separately from one another.

Here, however, defendant is moving to transfer this action to the federal district court for the Eastern District of Michigan. A forum-selection clause determines where an action will be heard, and is "separate and distinct from choice of law provisions that are not before the court."

4

*Besag v. Custom Decorators, Inc.*, 2009 U.S. Dist. LEXIS 13582, at *10 (N.D. Cal. Feb. 10, 2009) (Judge Jeffery White). Thus, plaintiffs' argument that Michigan state laws might provide them with less protection than California's Unfair Competition Law is unavailing because it requires speculation "as to the 'potential outcome of the litigation on the merits in the transferee forum' and to consider 'whether that outcome would conflict with a strong public policy of the transferor forum at the outset of the action.'" *Besag*, 2009 U.S. Dist. LEXIS 13582 at *11–12; *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 2014 U.S. Dist. LEXIS 35386, at *62–69 (N.D. Cal. Mar. 13, 2014) (Judge Samuel Conti); *Gamayo v. Match.com, LLC*, 2011 U.S. Dist. LEXIS 95914, at *19–22 (N.D. Cal. Aug. 23, 2011) (Judge Saundra Brown Armstrong); *Voicemail Club, Inc. v. Enhanced Servs. Billing*, 2012 U.S. Dist. LEXIS 146178, at *8–10 (N.D. Cal. Oct. 10, 2012) (Judge Susan Illston). It may be the case that the transferee court may decide to apply the substantive law sought by plaintiffs. *See, e.g., Besag*, 2009 U.S. Dist. LEXIS 13582, at *12; *Universal Operations Risk Mgmt., LLC v. Global Rescue LLC*, 2012 U.S. Dist. LEXIS 94740, at *17–20 (N.D. Cal. July 6, 2012) (Judge Saundra Brown Armstrong) (collecting cases). Instead, plaintiffs are burdened to show a fundamental public policy underlying California's Unfair Competition Act that relates to *venue* because the instant motion seeks a forum-selection determination, rather than a choice-of-law determination. They have failed to do so because they have failed to identify a fundamental public policy underlying California's Unfair Competition Act that relates to *venue*. Other judges in this district have found similarly. *See*, *e.g., Madanat v. First Data Corp.*, 2011 U.S. Dist. LEXIS 5907, at *12 (N.D. Cal. Jan. 21, 2011) (Judge Susan Illston); *Kilgore v. Keybank*, *N.A.*, 2009 U.S. Dist. LEXIS 130354, at *15–17 (N.D. Cal. July 8, 2009) (Judge Thelton Henderson), *rev'd on other grounds*, 718 F.3d 1052 (9th Cir. 2012). After this action is transferred to the Eastern District of Michigan, plaintiffs are free to argue to the transferee court that California state law ought to apply, but this order declines to speculate how such an argument will be received. *See, e.g., Moretti v. Hertz Corp.*, 2014 U.S. Dist. LEXIS 50660, at *21–23 (N.D. Cal. Apr. 11, 2014) (Judge Jeffery White).

5

### B. Adoption of EHR Systems and Protection of Health Records.

Plaintiffs' alternative argument that enforcing the forum-selection clause would undermine "California's public policy of incentivizing health care providers to adopt EHR systems" or "fundamental public policy of protecting health records from disclosure to third-parties" fails for the same reasons stated above (Opp. at 7–8 & n.5). The issue before this Court is whether forum selection is proper, not whether application of California state law might result in a more favorable outcome for plaintiffs in this action than application of Michigan state law. Plaintiffs have failed to show any California health-records law that might have a fundamental public policy logically related to venue. This order notes that even if it were to consider the substantive argument that California has fundamental public policies of encouraging the use of EHR systems or preventing the disclosure of health records to third-parties, plaintiffs have not alleged any facts or law in their opposition to suggest that enforcing the forum-selection clause at issue could *undermine* those public policies (Opp. at 7–8). Again, however, plaintiffs may present that substantive argument to the transferee court.

### C. Unconscionability.

Plaintiffs finally claim that the forum-selection clause should not be enforced because it is unconscionable in violation of California fundamental public policy (Opp. at 1–2). In order to be deemed unenforceable under California law, a contract must be both procedurally *and* substantively unconscionable. *Davis v. O'Melveny & Myers*, 485 F.3d 1066, 1070 (9th Cir. 2007) (citations omitted). "'[B]oth [must] be present in order for a court to exercise its discretion to refuse to enforce a contract or clause under the doctrine of unconscionability.'" *Id.* at 1072-73 (citations omitted).

Here, plaintiffs have failed to show that the contract was procedurally unconscionable. They argue that the forum-selection clause was a contract of adhesion, and therefore automatically procedurally unconscionable, because plaintiffs were told to "take it or leave it" without the opportunity for meaningful negotiation" (Opp. at 9). Yet, the Supreme Court has held that "take it or leave it" adhesion contracts do not necessarily render a forum-selection clause unenforceable. *Shute*, 499 U.S. at 593–94; *Manetti-Farrow*, 858 F.2d at 513 (federal law

6

governs the enforceability of forum-selection clauses in diversity actions). To "decline enforcement of a forum selection merely on the showing of non-negotiability and power difference . . . would disrupt the settled expectations of the parties." *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1141 (9th Cir. 2004); *Bennett v. Hosting.com. Inc.*, 2008 U.S. Dist. LEXIS 93776, at *4–6 (N.D. Cal. Nov. 18, 2008) (Judge Samuel Conti) (same). Here, plaintiff Gentry, a self-described "well-respected board-certified obstetrician and gynecologist," is a sophisticated party (First Amd. Compl. ¶ 4). More importantly, she told defendant in a separate single-page document after purchasing the EMR that she "has read and understands the gloStream Software License Agreement" (Sappington Decl., Exh. 3). This order notes that plaintiff Gentry never actually claims anywhere in the opposition that she was unaware of the forum-selection clause. Her admission that she read and understood the agreement, in conjunction with her status as a sophisticated party, defeats her argument that the clause was a product of oppression or surprise. *Panetta v. SAP Am., Inc.*, 2005 U.S. Dist. LEXIS 36813, at *9–10 (N.D. Cal. July 20, 2005) (Judge Ronald Whyte). Even if she was somehow not aware of the clause when signing the agreement, it was stated in clear and unambiguous language and not hidden in fine print. The fact that the clause appeared under the heading "GENERAL," as opposed to "GOVERNING LAW" or "VENUE," does not render the clause fundamentally unfair or unenforceable. *See, e.g., Mazzola v. Roomster Corp.*, 2010 U.S. Dist. LEXIS 127879, at *5–6 (C.D. Cal. Nov. 30, 2010) (Judge A. Howard Matz). Plaintiffs' other arguments about the burdens of out-of-state litigation are unavailing because:

> a court evaluating a defendant's [Section] 1404(a) motion to transfer based on a forum-selection clause should not consider arguments about the parties' private interests. When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation. A court accordingly must deem the private-interest factors to weigh entirely in favor of the preselected forum.

*Atl. Marine*, 571 U.S. \_\_\_, 134 S. Ct. at 582.

7

**3. JUDICIAL NOTICE.**

Defendant requests judicial notice of plaintiffs' first amended complaint. Yet, it is unclear why it must be judicially noticed as the first amended complaint is the operative complaint in this action and both parties rely on it. Thus, the request for judicial notice is **DENIED AS MOOT.**

## CONCLUSION

To the extent stated above, defendant gloStream's motion to transfer this action to the United States District Court for the Eastern District of Michigan is **GRANTED**. The motion hearing is **VACATED**.

**IT IS SO ORDERED.**

Dated: April 21, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE