United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EAST BAY WOMEN'S HEALTH, INC.
and YVETTE GENTRY, M.D.

    Plaintiffs,

  v.

GLOSTREAM, INC.,

    Defendant.

No. C 14-00712 WHA

**ORDER RE MOTION FOR RECONSIDERATION**

In this action for breach of contract and other state-law claims, plaintiffs seek leave to file a motion for reconsideration of the April 21 order granting defendant's motion to transfer this action to the United States District Court for the Eastern District of Michigan pursuant to a contractual forum-selection clause. They rely on Civil Local Rule 7-9(b)(3), which allows parties to seek leave to file a motion for reconsideration by showing:

> A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Here, plaintiffs argue that the April 21 order erred in applying federal law, as opposed to California state law, to determine that the forum-selection clause at issue was not unconscionable. They have attached a proposed motion for reconsideration to their motion requesting leave (Dkt. No. 28, Exh. 1).

The Supreme Court has held that "federal law, specifically 28 U.S.C. [1404(a)], governs the District Court's decision whether to give effect to the parties' forum-selection clause." *Atl.*

*Marine Constr. Co. v. United States Dist. Court*, 571 U.S. ___, 134 S. Ct. 568, 579 (2013) (citations omitted); *Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509, 513 (9th Cir. 1988) (federal law governs the enforceability of forum-selection clauses in diversity actions). As this is a diversity action involving a forum-selection clause, federal law controls.

Plaintiffs argue that "the United States Supreme Court has found that federal law requires courts to look towards state law to determine whether a forum-selection clause is unenforceable because it violates the forum state's 'strong public policy,'" citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972) (Dkt. No. 28, Br. at 4). Plaintiffs, however, misrepresent the holding of *M/S Bremen*. The Supreme Court actually held, "[a] contractual choice-of-forum clause should be held unenforceable if enforcement would contravene *a strong public policy of the forum in which suit is brought*, whether declared by statute or by judicial decision." *M/S Bremen*, 407 U.S. at 15 (emphasis added).

Thus, *M/S Bremen* requires courts to look to state law to determine if a fundamental public policy *exists*. California law recognizes a fundamental public policy against unconscionable contracts, and the April 21 order did not reject plaintiffs' unconscionability claims on the basis that no fundamental public policy existed (Dkt. No. 27). *Klussman v. Cross Country Bank*, 134 Cal. App. 4th 1283, 1295 (2005). Rather, the April 21 order found that the forum-selection clause was not unconscionable, and therefore enforceable, under federal law. "[B]ecause enforcement of a forum clause necessarily entails interpretation of the clause before it can be enforced, *federal law also applies to interpretation of forum selection clauses*." *Manetti-Farrow*, 858 F.2d at 513. Therefore, federal law controls whether a forum-selection clause is unconscionable, and therefore unenforceable. *See, e.g., Talyancich v. Microsoft Corp.*, 2012 U.S. Dist. LEXIS 63547, at \*6–13 (C.D. Cal. Mar. 28, 2012) (Judge Gary Feess); *Gamayo v. Match.com, LLC*, 2011 U.S. Dist. LEXIS 95914 (N.D. Cal. Aug. 23, 2011) (Judge Saundra Brown Armstrong); *Madanat v. First Data Corp.*, 2011 U.S. Dist. LEXIS 5907, at \*3–5 (N.D. Cal. Jan. 21, 2011) (Judge Susan Illston). Plaintiffs' reliance on *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1282 (9th Cir. 2006) (*en banc*), is misplaced because *Nagrampa* involved interpretation of an arbitration clause. Our court of appeals has held that courts "apply *state-law*

*principles* that govern the formation of contracts to determine whether a valid arbitration agreement exists." *Lowden v. T-Mobile USA, Inc.*, 512 F.3d 1213, 1217 (9th Cir. 2008) (emphasis added). In contrast, *federal law* governs the interpretation and enforceability of forum-selection clauses. *Manetti-Farrow*, 858 F.2d at 513 (emphasis added).

Plaintiffs' substantive arguments regarding unconscionability are also unpersuasive. Aside from the fact that plaintiffs assert the same facts regarding the burdens of out-of-state litigation that they have previously presented to the Court, the Supreme Court clearly held, "a court evaluating a defendant's [1404(a)] motion to transfer based on a forum-selection clause should not consider arguments about the parties' private interests." *Atlantic Marine*, 571 U.S. ___, 134 S.Ct. at 582. Therefore, plaintiffs' request for leave to file a motion for reconsideration is **DENIED**.

**IT IS SO ORDERED.**

Dated: May 2, 2014.

WILLIAM ALSUP  
UNITED STATES DISTRICT JUDGE

3